# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

               Plaintiff,    :    Case No. 3:11-cr-48

                                       District Judge Walter Herbert Rice
  - vs -                            Magistrate Judge Michael R. Merz

LONNIE JOHNSON,

               Defendant.    :

## DECISION AND ORDER DENYING STAY

This criminal case is before the Court on Defendant Lonnie Johnson's filing, with the assistance of counsel, a Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 23). On initial review, the Court ordered the United States to answer the Motion (ECF No. 24).

In *Beckles v. United States*, 616 Fed. Appx. 415 (11th Cir. Sept. 29, 2015), the Eleventh Circuit held that *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), does not control cases in which a person is classified as a career offender under the Sentencing Guidelines. The Supreme Court has granted certiorari in *Beckles*, 2016 U.S. LEXIS 4142 Case No. 15-8544(June 27, 2016), on the following issues: (1) Whether *Johnson v. United States* applies retroactively to collateral cases challenging federal sentences enhanced under the residual clause in United States Sentencing Guidelines (U.S.S.G.) § 4B1.2(a)(2) (defining "crime of violence"); (2) whether *Johnson*'s constitutional holding applies to the residual clause in

1

U.S.S.G. § 4B1.2(a)(2), thereby rendering challenges to sentences enhanced under it cognizable on collateral review; and (3) whether mere possession of a sawed-off shotgun, an offense listed as a "crime of violence" only in commentary to U.S.S.G. § 4B1.2, remains a "crime of violence" after *Johnson*.

The United States has now moved the Court to hold these proceedings in abeyance pending the Supreme Court's decision in *Beckles* (Motion, ECF No. 26). The Government notes a conflict between the Eighth and Fourth Circuits on applying *Johnson* retroactively to Guidelines cases and notes that both the Second Circuit and the Northern District of California have stayed cases pending the *Beckles* decision. *Id.* at PageID 79-80.

The question whether to stay a case pending a potentially dispositive decision in an appellate court is a pre-trial matter committed to the sound discretion of the District Court. Because it is a non-dispositive issue, it may be decided in the first instance by an assigned Magistrate Judge.

Defendant Johnson opposes the Motion, noting that Judge Beckwith of this Court has denied a stay pending *Beckles* (ECF No. 27, PageID 82, citing *United States v. Fife,* 2016 U.S. Dist. LEXIS 90906 (S.D. Ohio July 13, 2016)). He argues his guideline range for sentencing will be 63 to 78 months without the career offender enhancement and that the United States has conceded in other cases that convictions such as his under Ohio's burglary statute do not qualify as predicate offenses under the Career Offender Guidelines. *Id.* at PageID 83-84. Thus, he says, he is entitled to release. *Id.* at PageID 84.

The United States in its Reply in support notes that even if Johnson were released on his conviction in this case, he would still have 452 days imprisonment to serve on a supervised

release violation in a prior case (ECF No. 28, PageID 91, citing the judgment in *United States v. Johnson*, Case No. 3:99-cr-92).

The undersigned has already concluded that *Johnson* applies retroactively to Guidelines career offender cases. *Hill v. United States*, 2016 US. Dist. LEXIS 91619 (S.D. Ohio, July 14, 2016)(Merz, M.J.), relying on *In re Roger Clay Swain*, Case No. 15-2040 (6th Cir. Feb. 22, 2016)(unreported) which holds, in the context of authorizing a second or successive § 2255 motion, that *Johnson* states "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Swain's sentence had been enhanced under Guideline § 4B1.1 rather than the ACCA, but the court held "*Johnson* is applicable. . . ." *Id.* at p. 3. Accord, *In re Hubbard*, ___ F.3d ___, 2016 U.S. App. LEXIS 10348 (4th Cir. June 8, 2016). "The right in question here is the right not to have one's federal sentence enhanced by application of unconstitutionally vague language ("otherwise involves conduct that presents a serious potential risk of physical injury to another") to the characterization of prior convictions." *Id.* at *5-6. That conclusion is embedded in a report which is not yet ripe for Judge Rice's consideration. It nonetheless embodies this judge's considered conclusion which is not at odds with that of any other judge in the Sixth Circuit whose opinion has been called to my attention.

In *Fife* Judge Beckwith noted the unfairness of delaying a decision, given that Fife would, if his case were stayed pending Beckles, ending up serving a longer sentence than she was likely to impose on re-sentencing. 2016 U.S. Dist. LEXIS 90906 at * 6. That consideration does not apply here because, regardless of the outcome of this § 2255 proceeding, Johnson is

3

likely to remain incarcerated through the date of decision in *Beckles*.[1]  Nevertheless, the Court finds it inappropriate to grant a stay for the following reasons.

*Johnson* has generated a veritable flood of § 2255 motions nationwide, certainly more than one hundred in this Court alone.  In this judge's experience, most of them are Guidelines cases, rather than Armed Career Criminal Act cases and are thus subject to the statute of limitations argument pending in *Beckles*.[2]  Judicial economy would be well served by a stay in all these cases only if the Supreme Court decides against retroactivity, whereupon summary dismissal for untimely filing would be relatively simple.  On the other hand, if the Supreme Court applies *Johnson* retroactively to Guidelines cases, the Court will have a stack of § 2255 motions which become unstayed all at the same time, trading present court congestion for congestion when *Beckles* is decided.  And of course the Supreme Court is not bound to decide all the issues on which it had granted certiorari.  See *Zubik v. Burwell*, 136 S. Ct. 1557 (2016).

This Court prefers to manage the congestion now rather than waiting.  Accordingly, the Motion to Stay is DENIED.

July 28, 2016.

s/ *Michael R. Merz*<br>United States Magistrate Judge

---

[1] By custom the Supreme Court decides almost all of its pending cases by the end of the term. So a decision in *Beckles* is reasonably like by June 30, 2017.

[2] The timeliness of Johnson claims under the ACCA filed on or before June 27, 2016, does not seem to be in question, given the decision in *Welch v. United States*, 576 U.S. ___, 136 S. Ct. 1257 (2016).